LEE AND WIFE *et als. v.* DAMERON *et als.*

REGISTER.  *Fees for registering decrees.*  Under the act of 25th November, 1871, a register is entitled for registering decrees, to 75 cents for the first three hundred words, and 10 cents for each additional hundred words.

FROM KNOX.

Appeal from the Chancery Court at Knoxville. O. P. TEMPLE, Ch.

PROSSER for complainants.

CALDWELL for defendants.

McFARLAND, J., delivered the opinion of the court.

In this proceeding in the Chancery Court at Knoxville, certain real estate, which had been divided into town lots, was partitioned into five shares by commissioners appointed for the purpose, and the five shares allotted to four different persons. One person taking two shares, one in her own right, the other as devisee of a deceased brother.

The commissioners returned with their report a map, upon which the lots were colored and numbered. They say: "That to A. P. Jennings, wife of E. B. Jennings, is allotted her one-fifth, which is designated on the map in the several lots and parcels by the letter D. and numbered as follows:" Then follows in figures the numbers of more than one hundred lots.

The other five shares are allotted in the same way. It is shown that lots designated by each, are of different colors on the map. The report was confirmed and title divested and vested, and the decree ordered to be registered, to be taxed in the bill of costs, and paid out of funds under the control of court. The decree was registered accordingly; without the map it would cover perhaps six or eight pages of the register's book. The register claims as his fees, $157— the Chancellor allowed him $5.70—and this is the question presented by the appeal.

By the Code, section 4586, the fee for registering sheriff's deed was $1.25. For registering deed of conveyance, grant, or other assurance of title, including only one tract, piece or parcel of land or one warrant, 75 cents. For each additional tract or town lot, 25 cents. Then follow fifteen other sub-sections, embracing various instruments which by law are allowed to be registered. By sub-section 6, the fee for registering decrees for title under one hundred words, is 50 cts. By sub-section 7, the fee for each additional hundred words, is 20 cents.

Then follows the act of November 25, 1871, which allows registers to receive the following fees and none others: "For each deed, bond, or other assurance of title, not exceeding five hundred dollars, purporting to convey one tract or lot of ground, $1.00; for each additional tract or lot in the same deed, 25 cents; for every one hundred words over five hundred, 10 cents; for every other instrument of whatever kind or character required by law to be registered, or which

any party may desire to have registered, for the first three hundred words, 10 cents. All laws in conflict are repealed." The argument for the register is, that by this act decrees are put upon the same ground with deeds, and he is entitled to $1.00 for the first lot, and 25 cents for each additional lot designated by the numbers in figures. But we are clearly of opinion that decrees come under the latter clause of the act. Under the Code, a different fee was allowed for decrees, from the fee allowed for deeds of conveyance, grants, etc.; and by the act above cited, all instruments except deeds, bonds, or other assurances of title, including those enumerated in the fifteen sub-sections of the Code, are embraced in the one provision, allowing 75 cents for the first three hundred words, and 10 cents on each additional hundred words. If it had been the purpose to put decrees upon the same footing as deeds, it would have been so expressed, as they were differently classed by the Code.

The decree of the Chancellor will be affirmed, the appellant paying the costs of this court.